## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALLEN HARMON, | ) | CASE NO. 3:22-cv-1415 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGEL QUIROS, et al., | ) | DECEMBER 20, 2022 |
| *Defendants.* | ) | |

### INITIAL REVIEW ORDER

Kari A. Dooley, United States District Judge:

Plaintiff, Allen Harmon ("Harmon"), commenced this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 while he was confined at New Haven Correctional Center against Commissioner Angel Quiros, Warden Stephen Brunell,[1] Deputy Warden Whitingham, Deputy Warden Robles, Administrative Nurse Jane Doe and Nurse Paul.[2] All Defendants are named in their individual and official capacities. Harmon contends that the Defendants provided inadequate medical treatment after he contracted COVID-19. He seeks damages and asks that any damages awarded be exempt from attachment for costs of incarceration.

**Standard of Review**

Under Section 1915A of Title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See id.* In reviewing a *pro se* complaint, the Court must assume

---

[1] Warden Brunell's name is unclear in the case caption and is incorrectly listed as Warden Brunch. Plaintiff's spelling of the name is clearer in the body of the complaint. The Clerk is directed to correct the spelling on the court docket.
[2] The first five defendants are listed in the caption of the complaint. The sixth, Nurse Paul, is named in the body of the complaint. All six individuals are referred to collectively as the "Defendants."

the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

From June 8, 2022 to June 11, 2022, Harmon contracted COVID-19 while confined at New Haven Correctional Center. *See* Compl., ECF No. 1, at 5. He alleges that his pain and discomfort were inadequately treated by Nurse Paul; that the administration failed to enforce social distancing, thereby failing to adhere to CDC guidelines; and that the Department of Correction misled the public by reporting that only sixty inmates were housed in west and east dorms while 124 inmates were housed there. *See id.* at 5–6. Inmates and staff repeatedly contracted COVID-19, which Harmon believes could have been prevented if the administrators had been more proactive. *See id.* at 6. Harmon filed five administrative remedies but did not receive an acknowledgement that any had been received or processed, and he has not had any responses. *See id.*

**Discussion**

Harmon brings claims alleging gross negligence, denial of responsibility and deliberate indifference in the treatment of inmates afflicted with COVID-19.

*Deliberate Indifference to Medical Needs*

Harmon does not indicate whether he was a pretrial detainee or sentenced inmate at the time of the incidents underlying the Complaint. A review of the Department of Correction website shows that Harmon was sentenced on May 16, 2022.[3] Thus, the Court considers his claims under the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment).

Harmon alleges that Nurse Paul failed to adequately treat his pain and discomfort from COVID-19. The Eighth Amendment prohibits "deliberate indifference to the serious medical needs of prisoners." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs...." *Estelle*, 429 U.S. at 104.

To state a claim for deliberate indifference to a serious medical need, two elements must be alleged. The first, an objective element, requires the inmate to assert facts which, if proven, demonstrate that his medical need or condition is a sufficiently "serious one." *Brock v. Wright,* 315 F.3d 158, 162 (2d Cir. 2003) (citations omitted). In determining whether a condition is serious, the court considers whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted). The second requirement is subjective in nature and requires the inmate to allege that the named prison official was actually aware that his or her actions or inactions would cause a substantial risk of serious harm to him. *See Salahuddin*

[3]*See* Connecticut's Official State Website, *Department of Correction Inmate Information*, available at: www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=440197

3

*v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Mere negligent conduct does not constitute deliberate indifference. *See id.* at 280 (reckless indifference "entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent").

Harmon states that he contracted COVID-19, and describes his symptoms as "pain, discomfort and chronic illness exhibited by COVID 19." Compl. at 5. In this post-pandemic landscape, courts have held that mild symptoms of COVID-19 do not constitute a serious medical need. *See Gibson v. Rodriguez*, No. 3:20-CV-953 (KAD), 2021 WL 4690701, at *8 (D. Conn. Oct. 7, 2021) (citing *Stevens v. Carr*, No. 20-CV-1735, 2021 WL 39542, at *6 (E.D. Wis. Jan. 5, 2021) (noting that the plaintiff's symptoms were akin to a bad cold or mild case of flu and stating: "Millions of people in the United States have suffered from these same symptoms. Most did not receive medical treatment; instead, like Stevens, they rested at home and allowed their bodies to fight the infection. And while enduring these symptoms was no doubt unpleasant, part of the issue with this pandemic is that there are few treatments to combat COVID-19 and the ones that do exist are largely unavailable to the general population.")); *see also Vides v. Wolf*, No. 6:20-CV-06293 EAW, 2020 WL 3969368, at *11 (W.D.N.Y. July 14, 2020) ("Courts that have found that petitioners suffer from a serious medical need for purposes of the deliberate indifference analysis in the context of the COVID-19 pandemic have done so only for detainees suffering from conditions recognized by the CDC as placing individuals at higher risk.") *and Sicap v. Decker*, No. 1:20-cv-2638 (MKV), 2020 WL 5440591, at *3 (S.D.N.Y. Sep. 9, 2020) ("In the context of COVID-19, a detainee who fails to show a specific underlying condition that makes the detainee particularly vulnerable to severe illness or death cannot establish a sufficiently serious medical need that warrants release from detention."). Harmon does not allege that he suffers from any

condition that put him at risk of a severe case of COVID-19 nor that his symptoms were particularly severe. His allegations of pain and discomfort are therefore insufficient to plausibly allege that he suffered from a serious medical need.

And as to the subjective element, Harmon alleges only that Nurse Paul provided inadequate treatment. This allegation, in addition to being wholly conclusory, constitutes—at most— negligence, which is not cognizable under Section 1983. *See Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). Thus, the claim against Nurse Paul is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[4]

*Denial of Responsibility*

Harmon alleges that the "administrators," presumably the remaining Defendants, failed to adhere to CDC guidelines by failing to require social distancing and misleading the public regarding the number of prisoners housed in two housing units. As the remaining Defendants are all supervisors, the Court considers Harmon's claim for denial of responsibility as a claim for supervisory liability.

In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the Second Circuit held that "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676). Knowledge that unconstitutional acts were occurring is insufficient to state a claim for supervisory liability. A supervisor's "mere knowledge" is not sufficient "because that knowledge does not amount[] to the supervisor's violating the Constitution." *Id.* at 616–17 (internal quotations and citations omitted).

---

[4] Harmon does not allege that any other defendant was aware of or involved in his medical care.

Harmon appears to base his claim against the supervisors on the fact that the number of inmates housed in two dorms at New Haven Correctional Center was understated and social distancing was not being enforced. Neither statement shows that any supervisor was personally aware of a risk to Harmon's health. In addition, as of May 3, 2022, the CDC Strategies for Everyday Operations of correctional and detention facilities do not include social distancing.[5] Before instituting enhanced factors, which include social distancing, the facility should consider factors including vaccination coverage, the current level of transmission in the facility, the risk of severe health outcomes and facility structural and operational characteristics. *See id.* Harmon does not allege facts suggesting that the Defendants failed to do so. Thus, the fact that inmates were not required to practice social distancing in June 2022 does not, by itself, show that any supervisor was deliberately indifferent to Harmon's medical needs. Any claims for denial of responsibility against defendants Quiros, Brunell, Whitingham, Robles and Doe are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

*Gross Negligence*

Finally, Harmon alleges a claim of gross negligence. Under 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction...." As the Court has dismissed the possible federal law claims, it declines to exercise supplemental jurisdiction over this state law claim. Harmon may pursue this claim in state court.

**Orders**

The federal claims for deliberate indifference to medical needs and denial of responsibility

---

[5] *See* CDC, *Correctional & Detention Facilities*, available at: https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/index.html

are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Court declines to exercise supplemental jurisdiction over the state law claim for gross negligence.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** this 20th day of December 2022 at Bridgeport, Connecticut.

*Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

7